```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSICA ELAINE WOLFE           :        CIVIL ACTION
                               :
                               :
                               :
     v.                        :
                               :
                               :
DAVID DIGUGLIELMO et al.       :        NO. 06-5261
```

ORDER

AND NOW, this 25th day of February, 2008, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and the respondent's opposition thereto, and after careful and independent review of the thorough and well-reasoned Report and Recommendation of Magistrate Judge Felipe L. Restrepo and the petitioner's objections thereto, IT IS HEREBY ORDERED that:

1.  The Report and Recommendation (Docket No. 27) is approved and adopted;

2.  The Petition for Writ of Habeas Corpus is denied and dismissed;

3.  The petitioner's objections are overruled;

4. A certificate of appealability should not issue because, for the reasons set forth in the Report and Recommendation, Wolfe has not made a substantial showing that she was denied a constitutional right and has failed to show that a reasonable jurist would conclude that the Court is incorrect in denying and dismissing the petition.

The Court will address the petitioner's substantive objection to the Report and Recommendation.  Wolfe argues that she was denied parole in violation of the Ex Post Facto Clause of the United States Constitution because the parole board applied Pennsylvania's post-1996 parole statute to her case, and she was sentenced under the previous standard.  For this argument to succeed, a petitioner must show both that the parole board applied the new standard and that the new standard personally disadvantaged her by significantly increasing the risk of parole denial.  Richardson v. Penn. Bd. of Prob. & Parole, 423 F.3d 282, 291 (3d Cir. 2005).  Wolfe can show neither.  The parole board's cited reasons for denying Wolfe's parole in 2006 are consistent with the pre-1996 statute's focus on the best interests of the petitioner and the Commonwealth.  Those reasons include Wolfe's refusal to accept responsibility, lack of remorse, and unacceptable compliance with prescribed institutional programs.  Wolfe has not provided any evidence to suggest that she would

have been a good candidate for parole under the pre-1996 statute. Therefore, even if the parole board had applied the post-1996 standard, Wolfe cannot show that the application significantly increased the risk of parole denial.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.